UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| DIANE L. ROSE, Executrix of the Estate of Dale M. Rose, and DIANE L. ROSE, in her Individual Capacity, Plaintiff | : : : : : : | |
| v. | : : | File No. 1:08-CV-183 |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION and ELECTRIC INSURANCE COMPANY, Defendants. | : : : : | |

<u>RULING ON MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT
AND MOTION FOR LEAVE TO FILE A SURREPLY</u>
(Papers 24, 34)

I. <u>Background</u>

This case involves a claim by Diane Rose, as Executrix of the Estate of Dale Rose and in her individual capacity, against the uninsured motorist (UIM) provisions of automobile insurance policies provided by American Alternative Insurance Corporation (AAIC) and Electric Insurance Company (EIC). The case began when Dale Rose was transported by ambulance to a hospital for treatment of pulmonary insufficiency and renal failure. The ambulance was involved in a head-on collision with an automobile driven by Jennifer Laughlin, who was killed in the accident. Mr. Rose was seriously injured, as were other persons inside the ambulance.

1

Ms. Laughlin was determined to be the sole tortfeasor, and her liability insurance coverage was exhausted in mediation. The Middlebury Volunteer Ambulance Association (MVAA), which transported Mr. Rose, is insured by AAIC. Claims have been made against the UIM provisions of the AAIC policy by the driver and nurse in the ambulance, as well as Diane Rose in her individual capacity and as Executrix of Dale Rose's estate. Diane Rose, individually and as Executrix, also made a claim against the UIM provisions of an automobile insurance policy with EIC. The Rose complaint seeks only a declaration of rights under the AAIC and EIC policies.

EIC now seeks leave under Federal Rule of Civil Procedure 14(a) to file a third-party complaint against the MVAA seeking indemnity. EIC's theory is that Mr. Rose was improperly secured to the gurney by the attending nurse in MVAA's ambulance, and but for MVAA's negligence, Mr. Rose would not have suffered severe injury.

II. Analysis

The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion. Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984). Factors relevant to the Court's decision whether to grant leave to file a third-party complaint include: "(1)

whether the defendant deliberately delayed or was derelict in filing the motion; (2) whether impleading a new party would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." M.O.C.H.A. Society, Inc. v. City of Buffalo, 272 F.Supp.2d 217, 220 (W.D.N.Y. 2003).

The Court has considered these factors and in its discretion denies EIC's motion.  The Court finds EIC's third-party complaint would unduly complicate this matter because it would inject a liability issue into a claim seeking only a declaration of rights.  Moreover, it is unclear whether EIC's claim for indemnity is cognizable under Vermont law.  This complication underscores the complexity EIC's indemnity claim would add to the Plaintiffs' action, and the Court declines to delay the resolution of these claims.

III. Conclusion

Defendant EIC's Motion for Leave to File a Third-Party Complaint (Paper 24) is DENIED.  Defendant AAIC's Motion for Leave to File a Surreply (Paper 34) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 24th day of March, 2009.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge